IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICKENSON LOUIS-MARTIN,

    Plaintiff,

    v.

ALBERTO GONZALES,
Attorney General

    Defendant.

CIVIL ACTION NO. 3:05-CV-1985

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Petitioner Nickenson Louis-Martin's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief with Temporary Restraining Order (Doc. 1), which the Court construes as a petition for writ of habeas corpus and a motion for emergency stay of removal. Because Petitioner has not exhausted his administrative remedies or alleged a violation of his due process rights, I will deny the motion for stay and dismiss the petition.

## BACKGROUND

This case is the third petition for habeas filed by Mr. Louis-Martin. In his first filing, I granted a writ of habeas corpus. *See Louis-Martin v. Ridge*, 322 F. Supp. 2d 556 (M.D. Pa. 2004). In that case, the facts before the Court were that Petitioner immigrated to the United States from Haiti with his parents in 1989, and thereafter he acquired permanent residency status. *Id.* In May of 2002, the Immigration and Naturalization Service, now known as the Bureau of Immigration and Customs Enforcement ("ICE"), began removal proceedings against Mr. Louis-Martin under two theories: (1) that he was convicted of the aggravated felonies of attempted robbery and attempted criminal possession of a

weapon, a violation of § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (hereinafter INA) (8 U.S.C. § 1227(a)(2)(A)(iii)); and (2) that he was convicted of possession of a firearm, a violation of INA § 237(a)(2)(C) (8 U.S.C. § 1227(a)(2)(C)). *Id.* At a hearing on December 17, 2002, the Immigration Judge ("IJ") found that Mr. Louis-Martin had been convicted of two aggravated felonies. *Id.* The IJ also found that Mr. Louis-Martin had been convicted of possession of a firearm. *Id.* Because Mr. Louis-Martin had not submitted a Form I-589, the IJ deemed Mr. Louis-Martin's claim under the Convention Against Torture abandoned. *Id.* Mr. Louis-Martin was ordered removed from the United States and returned to Haiti. *Id.* The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion. *Id.* Petitioner then filed his first petition for writ of habeas Corpus with the Court in February, 2004. *Id.* I granted the petition, vacated the order of removal, and remanded the matter to ICE for consideration of the Convention Against Torture claims. *Id.*

Upon remand, Mr. Louis-Martin filed a motion to reconsider the finding that he was convicted of an aggravated felony. (Doc. 1, Ex. B.) The motion was granted, and that ground for removal was dismissed. *Id.* The IJ further held that Mr. Louis-Martin "will be provided the opportunity of seeking discretionary relief pursuant to 240A(a), and in the alternative, asylum, withholding of removal, and Convention Against Torture." *Id.* That order was issued on February 2, 2005. *Id.* On February 22, 2005, the IJ denied Mr. Louis-Martin's request for Cancellation of Removal. (Doc. 1 at 4.) On March 1, 2005, Mr. Louis-Martin's Convention Against Torture claim was denied by the IJ. (Doc. 1 at 5.) Then, on March 14, 2005, Petitioner filed a second Petition for Writ of Habeas Corpus

and Complaint for Declaratory and Injunctive Relief with Temporary Restraining Order. *See Louis-Martin v. Ridge*, No. 3:05-CV-0518.  I denied Mr. Louis-Martin's motion because he had failed to exhaust his administrative remedies and dismissed his petition without prejudice.  *Id.*  On July 26, 2005, Mr. Louis-Martin received a notice of custody review.  (Doc. 1, at 5.)  Mr. Louis-Martin was deemed a flight risk by the District Director on August 2, 2005, and his detention was continued.  On September 27, 2005, jurisdiction of the custody decision in Mr. Louis-Martin's case was transferred to the Headquarters Post Order Unit ("HQPDU").  (Doc. 1, Ex.G.)  On September 30, 2005, Petitioner filed the present Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief with Temporary Restraining Order.

## DISCUSSION

In the present petition, Petitioner asks the Court for several forms of relief, including:  (1) an injunction enjoining Respondents from removing Petitioner; (2) that Petitioner be granted cancellation of removal; (3) a declaration that Petitioner is eligible for bail; and (4) that Petitioner be released on supervised parole.  As an initial matter, because Petitioner is filing the action *pro se*, I will construe his petition liberally, *see Weaver v. Wilcox*, 650 F.2d 22, 26 (3d Cir. 1981); *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3d Cir. 1980), and I read his petition as being both a petition for writ of habeas corpus and a motion for emergency stay of removal.

Pursuant to 28 U.S.C. § 2241, a petition for habeas corpus can be used to challenge an ICE proceeding as violating the Constitution, *see Liang v. INS*, 206 F.3d 308 (3d Cir. 2000); *see also Sandoval v. Reno*, 166 F.3d 225 (3d Cir. 1999), or violating

the statutory law governing immigration. *INS v. St. Cyr*, 533 U.S. 289 (2001). However, as with all habeas petitions, there is a requirement that the petitioner exhaust all administrative remedies before the Court will hear the matter. *See, e.g., Duvall v. Elwood*, 336 F.3d 228, 231, n.5 (3d Cir. 2003). "[E]xhaustion serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency . . . ." *Id*. at 233 (quoting *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003)). This requirement is jurisdictional in nature. *Id.*

1. **Cancellation of Removal / Convention Against Torture**

It is not entirely clear what errors Petitioner alleges occurred in the denial of his cancellation of removal and Convention Against Torture claims before the IJ. However, because Petitioner has failed to exhaust his administrative remedies with regard to these claims, I lack jurisdiction to address them entirely. 8 U.S.C. § 1252 (d)(1), provides, in pertinent part, that "[a] court may review a final order of removal only if -- the alien has exhausted all administrative remedies available to the alien as of right. . . ." The requisites of § 1252 (d)(1) apply to petitions for habeas corpus. *Duvall*, 336 F.3d at 231 n.5. In the present case, Petitioner has not exhausted all his administrative remedies. Petitioner failed to raise an appeal at the BIA for both the February 22, 2005, decision of the IJ (cancellation of removal) and the March 1, 2005, decision of the IJ (Convention Against Torture). It is clear that review of Petitioner's claims before the BIA was "available as of right," *see, e.g., Bonhometre v. Gonzales*, 414 F.3d 442, 447 (3d Cir. 2005), and, therefore, Petitioner's failure to raise such an appeal at the BIA deprives the Court of jurisdiction over these claims.

**2.     Due Process Claim - Custody**

Certain due process claims are exempt from exhaustion because the BIA does not have jurisdiction to adjudicate constitutional issues. *Bonhometre,* 414 F.3d at 448 n.7. Petitioner argues that his detention has exceeded the presumably reasonable six (6) month period articulated by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, he argues that his continued detention violates his due process rights and that he should be released immediately. However, Petitioner mistakenly assumes that the Government must release an alien automatically when he is held for more than six (6) months pending removal. Instead, Petitioner's continued detention must remain reasonable, such that:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In *NMA v. Ridge*, 286 F. Supp. 2d 469 (E.D. Pa. 2003), the court articulated four types of cases where courts have found "no significant likelihood of removal":

> 1. Where no country will accept the detainee;
>
> 2. Where the detainee's country of origin refuses to issue a travel document for the detainee;

> 3. Where there is no removal agreement between the detainee's country of origin and the United States; and

> 4. Where there was no definitive answer from the target country after several months as to whether it would issue travel papers for a detainee.

*Id.* at 475.  In the present case, Petitioner fails to allege that there is no significant likelihood of his removal in the reasonably foreseeable future.  Further, there is reason on the record to believe that removal can be executed in a reasonable period of time.  Specifically, the District Director's decision states that "ICE has been able to obtain permission from Haiti to effect [Petitioner's] removal."  (Doc. 1, Ex. G.)  Lastly, it is important to note that Petitioner is not being detained absent periodic review and consideration of his custody status, as indicated by the August 2, 2005 decision of the District Director.  Thus, although Petitioner's detention has recently reached the presumably reasonable six (6) month mark, calculated from March 31, 2005, he has failed to show the unreasonableness required for a violation of his due process rights.

## CONCLUSION

I construe the present petition as a motion for emergency stay of removal and a petition for writ of habeas corpus.  I will deny the motion for emergency stay and dismiss the petition because Petitioner has not exhausted his administrative remedies or alleged a violation of his due process rights.  An appropriate order follows.


 October 4, 2005                                                    /s/ A. Richard Caputo
 Date                                                               A. Richard Caputo
                                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NICKENSON LOUIS-MARTIN,

   Plaintiff

      v.

ALBERTO GONZALES,
Attorney General

   Defendant.

NO. 3:05-CV-1985

(JUDGE CAPUTO)

## **ORDER**

   **NOW**, this __4th__ day of October, 2005, **IT IS HEREBY ORDERED** that:

(1)    Petitioner's motion for emergency stay of removal is **DENIED**.

(2)    Petitioner Nickenson Louis-Martin's petition for writ of habeas corpus is **DISMISSED.**

(3)    The Clerk of the Court shall mark this case **CLOSED**.


     /s/ A. Richard Caputo
     A. Richard Caputo
     United States District Judge